IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WALLACE, | No. CIV S-10-0707-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| KATHLEEN L. DICKENSON, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.
8      Plaintiff names the following as defendants: Kathleen Dickinson, the prison
9  warden; Kay Alexander, a prisoner psychologist; Bick, the prison's chief medical officer; and
10 Silbaugh, the prison's chief psychologist. Plaintiff alleges that he has been denied adequate
11 medical care. He states that he has requested to be released from the prison mental health care
12 program but that his right to deny treatment has been violated. He also claims that he has been
13 denied adequate medical care "as a result of non-adequate case reviews." Plaintiff claims that
14 while prison medical records characterize him as "high risk," he is in fact a low-risk inmate.
15     The treatment a prisoner receives in prison and the conditions under which the
16 prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel
17 and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,
18 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts
19 of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102
20 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v.
21 Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with
22 "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,
23 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only
24 when two requirements are met: (1) objectively, the official's act or omission must be so serious
25 such that it results in the denial of the minimal civilized measure of life's necessities; and (2)
26 subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate

course of treatment does not give rise to an Eighth Amendment claim.  See <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

Here, plaintiff alleges that he was denied adequate medical care because: (1) he was not permitted to discontinue mental health treatment; and (2) his case reviews incorrectly characterized him as a high-risk inmate.  Plaintiff does not allege, however, that he has a serious medical need sufficient to trigger Eighth Amendment scrutiny.  At best, plaintiff's factual allegations set forth his disagreement with the course of care being provided at the prison.  As explained above, such a claim does not give rise to an Eighth Amendment violation.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 1, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE